IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON, | § | |
| TDCJ No. 1673121, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-1392-X-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action was initiated based on a Motion Requesting Leave to File Writ of Habeas Corpus [Dkt. No. 3] ("Motion") filed by Petitioner Perry Patterson, a Texas prisoner serving a 99-year sentence for murder. Through the Motion, Patterson, citing Federal Rule of Civil Procedure 60(b), seems to assert a defect in the integrity of the immediately prior federal habeas proceeding and to again request leave to file a successive federal habeas application based on "evidence" that he claims is newly discovered. *See generally* Dkt. No. 3.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should deny the Motion and dismiss this action without prejudice.

## Applicable Background

In 2010, Petitioner was convicted of murder and sentenced to 99 years' confinement. *State of Texas v. Perry Joe Patterson*, No. F-08-11133 (203rd Jud. Dist. Ct., Dallas County, Tex., Sept. 20, 2010), *aff'd*, 2012 WL 3024220 (Tex. App. – Dallas 2012, pet. ref'd), *cert denied*, 569 U.S. 978 (2013). On January 14, 2015, the Texas Court of Criminal Appeals denied Petitioner's state petition for habeas relief without written order on the findings of the trial court without a hearing. *Ex parte Patterson*, No. 80,677-01.

Petitioner filed his first § 2254 petition on February 2, 2015. *See Patterson v. Davis*, No, 3:15-cv-322-B (BK), 2016 WL 7426142 (N.D. Tex. 2016), which the district court denied on December 23, 2016. Almost one year late, on December 5, 2017, the Fifth Circuit Court of Appeals denied a certificate of appealability, *Patterson v. Davis*, No. 17-10045, 2017 WL 10526142 (5th Cir. 2017), and on October 1, 2018, the Supreme Court denied certiorari. *Patterson v. Texas*, 139 S. Ct. 76 (2018).

On August 4, 2018, Petitioner filed a second state habeas petition, *Ex parte Patterson*, No. 80,677-05, which the Texas Court of Criminal Appeals dismissed as subsequent on October 24, 2018.

Petitioner filed [his second] § 2254 petition on November 1, 2018.

*Patterson v. Davis*, No. 3:18-cv-3100-M-BT, 2019 WL 2617935, at *1 (N.D. Tex. May 30, 2019), *rec. accepted*, 2019 WL 2616987 (N.D. Tex. June 26, 2019).

That petition was transferred to the United States Court of Appeals for the Fifth Circuit on June 26, 2019. *See Patterson*, 2019 WL 2616987, at *1. And, according to Patterson, the Fifth Circuit "dismissed" it in August 2019. Dkt. No. 3 at 1.

Through the Motion, Patterson asserts that he now has new "evidence" to challenge his state conviction and further seems to asset that, in his second federal habeas proceeding, the court erred by not allowing him to present this "evidence." *See* Dkt. No. 3 at 1 ("The deceased was found to have had (1) cocaine, (2) alcohol and (3) valium in their blood by the coroner/medical examiner at Patterson's trial. Petitioner was finally able to obtain pharmaceutical FACTS that valium can cause violent rages and aggression in users (especially if abused by overuse/use with other controlled

substances and alcohol), this Court did not allow petitioner to submit this evidence because petitioner incorrectly filed it in a successive § 2254. This evidence is NOT available without internet access which prisoners do not have … but petitioner was, with extreme difficulty, able to obtain this factually true evidence only after T.V. coverage of valium violence compelled him to resort to extraordinary means.").

## Legal Standards and Analysis

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, ___ S. Ct. ___, No. 18-6943, 2020 WL 2814300, at *2 (June 1, 2020) (quoting 28 U.S.C. § 2244(b)). And, while Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Id.* at *7 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); citation and internal quotation marks and brackets omitted).

It is not clear if Patterson asserts that the district court erred in the proceeding that resulted in the court's transferring his second Section 2254 application to the Fifth Circuit, because Patterson states in the Motion that he "incorrectly" sought to present his evidence/related claim "in a successive § 2254." Dkt. No. 3 at 1. But, to the extent that he does assert that an error was committed by the court – and he has thus filed "a valid Rule 60(b) motion because it [1] attack[s] a defect in the integrity

of the prior federal habeas proceeding," *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (citing *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018)), or "[2] attacks a procedural ruling which precluded a merits determination," *Gilkers*, 904 F.3d at 344 – Patterson has not established that the Court may rule on such a motion or, if the Court may, that there was error, because he has not shown how consideration of the "evidence" that he now claims should be the basis of a successive habeas application would have authorized the district court to allow a successive habeas application to proceed.

> 28 U.S.C. § 2244
>
> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

In addition to explicitly requesting leave to file another habeas application, the claims Patterson asserts in the Motion are an attack on his underlying conviction – and, more to the point, his claims allege defects in that conviction that "existed ... at

the time of the prior [federal] petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial Section 2254 application. *Id.* at 222. He is therefore currently attempting to present claims that are successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").[1]

Patterson's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider a successive habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain

---

[1] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring the application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, here, because, Patterson, through the Motion, shows that he is aware that he must obtain authorization from the Fifth Circuit (not the district court) before filing a successive petition – and given his history of filing successive Section 2254 applications, set out above – denying the Motion to the extent it should be properly construed as a Rule 60(b) motion and then dismissing the remainder of this action "without prejudice appears more efficient and better serves the interests of justice than a transfer." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

**Recommendation**

To the extent that, through the *pro se* Motion Requesting Leave to File Writ of Habeas Corpus [Dkt. No. 3], Petitioner Perry Patterson properly seeks relief under Federal Rule of Civil Procedure 60(b), the Court should find that relief may not be granted, and the Court should otherwise dismiss this action without prejudice to Patterson's requesting authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) to file a successive habeas application under 28 U.S.C. § 2254.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 1, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE